UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SCOTT MERRILL,

    Plaintiff,

v.

Case No. 2:22-cv-10541
Honorable Linda V. Parker

GRETCHEN WHITMER, ET AL,

    Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Christopher Scott Merrill is a Michigan Department of Corrections ("MDOC") prisoner incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. Plaintiff claims that Defendants acted with deliberate indifference to a serious medical condition when he was denied treatment for his dental condition. The Court is summarily dismissing the Complaint with respect to nine of the thirteen named Defendants. The case will proceed with respect to the remaining four Defendants.

**I. Standard of Review**

The case is before the Court for screening under the Prison Litigation Reform Act. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the PLRA, the Court is

required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, while a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. Complaint

Plaintiff names the following fourteen Defendants in his Complaint: (1) Governor Gretchen Whitmer; (2) MDOC Director Heidi Washington; (3) MDOC Grievance Section Manager Richard D. Russell; (4) Warden David Shaver; (5) Assistant Deputy Warden McRoberts; (6) Grievance Coordinator T. Ryder; (7) Housing Unit Manager ("HUM") King' (8) Mark Cook, D.D.S.; (9) NP Stacy Lindahl; (10) Elihue Potts, D.D.S.; (11) Janet Zalucha; (12) Fredrick Herro; (13) John/Jane Doe Nurses; and (14) MDOC.

Plaintiff claims that after the accidental loss of his dentures, he requested new dentures from his facility's dental department on December 29, 2019. He was not called-out for an appointment until March 10, 2020. On March 21, 2020, however, Governor Whitmer issued executive orders restricting non-essential

Case 2:22-cv-10541-LVP-KGA ECF No. 6, PageID.45 Filed 04/04/22 Page 4 of 10

medical and dental care within the MDOC. Plaintiff asserts that from April to June 2020, he kited the dental department multiple times about possible infections in his jaw due to grinding resulting from the loss of his dentures. Plaintiff states he was not called out to be seen until July 1, 2020.

At that appointment, Plaintiff asserts that Dr. Cook informed him that due to the COVID order they would not be able to provide him with any treatment. On July 24, 2020, Plaintiff again kited the dental department complaining of extreme pain in his jaw. At an appointment on July 29, 2020, Plaintiff informed the dental department that his condition was serious, but they again refused to treat him.

Plaintiff states that he was thereafter refused treatment through October 2020 by Nurse Lindahl and Dr. Cook, who claimed that nothing could be done for him. Plaintiff further claims that HUM King refused to have him evaluated or diagnosed, claiming that Plaintiff was complaining about a non-covered TMJ problem. Plaintiff asserts that he continued to suffer from daily pain until he was finally issued new dentures thirteen months after they were lost.

In the counts of his Complaint listed below, Plaintiff asserts these allegations:

    (1)    The medical staff at his facility, including John/Jane Does and Dr. Cook, refused to diagnose or treat his jaw condition.

    (2)    Nurse Lindahl failed to prescribe him any pain relief on the grounds that it was a dental issue.

4

(3)  HUM King also refused treatment or to schedule Plaintiff for an appointment for further evaluation after receiving detailed complaints from him about the condition and why it required immediate treatment.

(4)  Warden Shaver failed to investigate or respond to Plaintiff's letters and asking for him to intervene.

(5)  Deputy Warden McRoberts "signed off" on multiple grievances that he filed regarding his jaw condition.

(6)  His facility's dental department and the MDOC refused and failed to replace his lost dentures, causing his jaw issues, malnutrition, and stomach problems.

(7)  The refusal to treat his condition caused severe daily pain and suffering in violation of the Eighth Amendment.

Plaintiff requests: (1) an order directing the MDOC to provide him with proper medical tests and evaluation regarding his jaw condition; (2) an order directing the MDOC to provide him with proper medical treatment to alleviate his pain or to send him to an outside medical provide; and (3) monetary damages for pain and suffering due to the failure to treat his condition.

### III.  Discussion

The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976).  To state a claim for deliberate indifference to a serious medical

need, a plaintiff must allege facts in support of a two-prong test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the plaintiff must allege that the deprivation alleged is "objectively, 'sufficiently serious.'" *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the plaintiff must allege that the prison official committing the act did so with a "'sufficiently culpable state of mind.'" *Id*. (citing *Wilson*, 501 U.S. at 302-03).

As to the first prong, the Sixth Circuit has defined "a [sufficiently serious] medical need . . . as one 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jones v. Muskegon Cnty*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)). As to the second prong, a plaintiff must allege more than mere negligence. *Farmer*, 511 U.S. at 835. The conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988). However, "a prisoner is not required to show that he was literally ignored by the staff to prove an Eighth Amendment violation, only that his serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir.2014).

### A. HUM King, Dr. Mark Cook, NP Stacy Lindahl, and John/Jane Doe Nurses

Plaintiff alleges a plausible Eighth Amendment deliberate indifference claim in his Complaint against Cook, Lindahl, and the John/Jane Doe Nurses. Plaintiff claims that these defendants are his medical and/or dental providers at his institution. He asserts that they were actually aware of an alleged serious medical need, but they completely failed to treat him. Similarly, Plaintiff claims that HUM King refused to schedule him for a medical evaluation due to his own diagnosis that Plaintiff suffered from a non-covered TMJ condition. The allegations in Plaintiff's pro se complaint, when liberally construed, suffice to allow the case to proceed past PLRA screening on a deliberate indifference claim against these Defendants.

### B. Governor Whitmer, MDOC Director Washington, MDOC Grievance Section Manager Russell, Warden Shaver, Assistant Deputy Warden McRoberts, Grievance Coordinator T. Ryder, Dr. Potts, Janet Zalucha, Fredrick Herro, and MDOC

The remaining Defendants will be dismissed from the case. First, with respect to Russell, Shaver, McRoberts, and Ryder, Plaintiff fails to assert facts showing that they actively violated his constitutional rights. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676;

*Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).

A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576. Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff fails to allege any facts establishing the active unconstitutional conduct of Russell, Shaver, McRoberts, or Ryder. Instead, the allegations suggest only that these Defendants were aware of the conduct of Plaintiff's dental and medical providers, but they failed to take action in response to his grievances and complaints. Such allegations do not state a claim.

Next, there are no factual allegations in the Complaint with respect to Governor Whitmer, Potts, Zalucha, and Herro, other than a reference to the Governor's administrative order which Plaintiff does not claim in itself violated his rights. The Sixth Circuit "has consistently held that damage claims against

government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. Plaintiff names Governor Whitmer, Potts, Zalucha, and Herro in the Complaint, but he asserts no allegations of specific conduct on their part that violated his rights.

With respect to MDOC, the Eleventh Amendment bars § 1983 actions against a State and its agencies and departments unless that State has waived immunity and consented to suit or Congress has abrogated that immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Pettway v. Mich. Dep't of Corr.*, No. 19-11201, 2019 WL 2369281, at *2 (E.D. Mich. Jun. 5, 2019). The State of Michigan has not consented to suit in § 1983 actions in federal court and Congress did not abrogate state sovereign immunity upon the passage of § 1983. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citation omitted). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief against the state and its departments." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't*

9

*of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)).  Plaintiff's claims for monetary damages and injunctive relief against MDOC must be dismissed because it is entitled to Eleventh Amendment immunity.  *See Brown v. Washington*, No. 19-1308, 2020 WL 1492020, at *2 (6th Cir. Mar. 16, 2020).

### IV.  Conclusion

Based on the foregoing, pursuant to § 1915(e)(2), the Court **DISMISSES** Governor Gretchen Whitmer, MDOC Director Heidi Washington, MDOC Grievance Section Manager Richard D. Russell, Warden David Shaver, Assistant Deputy Warden McRoberts, Grievance Coordinator T. Ryder, and MDOC.

The case will proceed against Defendants HUM King, Dr. Mark Cook, NP Stacy Lindahl, and John/Jane Doe Nurses.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 4, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 4, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager