UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SCOTT MERRILL,

    Plaintiff,

v.

FNU KING, MARK COOKS,
STACY LINDAHL, and JOHN DOE,

    Defendants.
_____/

Civil Case No. 22-10541
Honorable Linda V. Parker

## OPINION AND ORDER

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff Christopher Scott Merrill is a Michigan Department of Corrections prisoner currently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. He claims that Defendants acted with deliberate indifference to a serious medical condition by denying him treatment for a dental condition while incarcerated at MDOC's Parnell Correctional Facility (SMT) in Jackson, Michigan. The action remains pending only against Health Unit Manager FNU King, Mark Cooks, D.D.S., Nurse Stacy Lindahl, and John Doe. HUM King and Dr. Cooks are MDOC employees (collectively "MDOC Defendants"); Nurse Lindahl was employed by Corizon Health, Inc. ("Corizon"), which has provided her defense in this action.

The matter is presently before the Court on Plaintiff's objections to two non-dispositive decisions issued by Magistrate Judge Kimberly G. Altman, to whom this matter has been referred for all pretrial purposes: (a) an order, entered March 13, 2023, denying Plaintiff's motion to amend the complaint and denying without prejudice Plaintiff's motion to appoint counsel (ECF No. 41); and (b) an order, entered March 16, 2023, granting in part and denying in part the motion to withdraw and for a 120-day stay filed by counsel for Nurse Lindahl (ECF No. 43). With respect to the latter, counsel for Nurse Lindahl moved to withdraw due to the Chapter 11 bankruptcy petition filed by Tehum Care Services, Inc., which does business as Corizon.  Nurse Lindahl's counsel also requested a 120-day stay to allow time for Nurse Lindahl to secure new counsel.  (*See* ECF No. 39.)  Magistrate Judge Altman denied without prejudice counsel's request to withdraw and granted a stay—albeit for only 90 days—to provide time to address the professional liability coverage issue at play due to Corizon's bankruptcy.

## **Standard of Review**

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The "clearly erroneous" standard does not

empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently.  *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985).  Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed."  *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).  The "contrary to law" standard requires the court to "exercise its independent judgment with respect to a [m]agistrate [j]udge's legal conclusions[,]" and "overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent."  *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (internal citations and quotations omitted).

## Stay

Plaintiff objects to the decision to stay these proceedings, at least as to his claims against the MDOC Defendants, particularly because he continues to suffer dental pain which he contends will not be addressed until HUM King's misdiagnosis that Plaintiff suffers from TMJ/TMD is corrected.  Plaintiff indicates that he set forth his arguments for denying the motion filed by Nurse Lindahl's counsel in a timely submitted response, which has never been filed on the docket.

3

Plaintiff argues that he will be unconstitutionally prejudiced by a stay because it will prolong the time he remains in pain.

The motion filed by Nurse Lindahl's counsel to withdraw and for a stay was filed on March 9, 2023. (ECF No. 39.) As Plaintiff receives filings in this case through the United States mail, his response to the motion was due on March 27. *See* E.D. Mich. LR 7.1(e) (stating that responses to most motions are due within 14 days after service of the motion); Fed. R. Civ. P. 6(a), (d) (providing that when the deadline to act falls on a Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday, and adding three days to act when service is made via *inter alia* mail). Plaintiff's response, which was signed and dated on March 14 and received by the Clerk's Office on March 24, was filed on the docket before that deadline but was stricken and sealed because Magistrate Judge Altman had already entered the order staying the matter.[1] (*See* ECF Nos. 45, 47.)

---

[1] The filing may also have been inadvertently viewed as a motion, as it was titled as such. However, it is evident from the first sentence of the filing that the document was not a motion but a response to the motion to withdraw and for a stay. (*See id*.) Pro se filings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519 (1972).

4

It was error to decide the motion before affording Plaintiff the opportunity to be heard. *See Mgmt. Investors v. United Mine Workers*, 610 F.2d 384, 390 & n. 16 (6th Cir. 1979) (finding that the court's "precipitous act[]"—ruling on a two-day old motion before the nonmovant had an opportunity to respond—denied the nonmovant "his due process right to be heard"); *Plaintiff v. Wayne State Univ.*, No. 20-cv-11718, 2020 WL 12763076, at *2 (E.D. Mich. Oct. 14, 2020) (recognizing that the court erred in deciding the plaintiff's motion before the deadline for filing a response expired); *Hurt v. Vantlin*, No. 3:14-cv-00092, 2015 WL 5614757, at *4 (S.D. Ind. Sept. 24, 2015) (quoting *Dr. Robert L. Meinders, D.C., Ltd. v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015)) (finding error in the magistrate judge's decision rendered before the deadline to respond passed because "[d]ue process requires that the Court not base its decisions 'on issues raised in such a manner that the losing party never had a real chance to respond.'"). Nevertheless, even after considering Plaintiff's response brief, this Court agrees with Magistrate Judge Altman that the matter needs to be stayed at least as to Nurse Lindahl while the representation issues are addressed by the bankruptcy court or at least to afford her time to obtain new counsel, if she desires. The Court appreciates Plaintiff's frustration with that decision in light of the fact that he has requested and been denied counsel and is being forced to proceed pro se. Nurse

5

Lindahl may have to do so eventually, too.  Her situation is distinguishable and more complicated, however, due to the fact that she presumably has a contractual indemnification agreement with Corizon, entitling her to coverage for her defense and any liability.

The Court also agrees with Magistrate Judge Altman that it is not efficient to proceed with discovery concerning Plaintiff's claims of past deliberate indifference against the MDOC Defendants and Nurse Lindahl separately.  But Plaintiff's claim that he continues to suffer pain and is not receiving proper medical care to address that pain should not be delayed.  Notably, Plaintiff's requested relief in his Complaint includes proper medical tests to evaluate why he continues to suffer jaw pain and grinding and popping of his jaw and to provide the treatment to stop his constant pain.  (ECF No. 1 at Pg ID 8.)

Therefore, the Court finds merit to Plaintiff's objections and is lifting the stay in order to address Plaintiff's claims of continued pain and deliberate indifference to that pain.  Rather than burden the magistrate judge, the Court is withdrawing the order of reference to address that issue directly.

## Counsel

Magistrate Judge Altman denied Plaintiff's first motion for the appointment of counsel because Plaintiff did "not allege[] a unique or exceptional need for

6

counsel at th[e] time." (ECF No. 22 at Pg ID 185.) Because Plaintiff made no additional allegations warranting the appointment of counsel in his second motion, Magistrate Judge Altman denied that motion, also. (ECF No. 41 at Pg ID 648.) There is no error in either decision.

However, in his objections to the order denying his second motion for counsel, Plaintiff asserts that, since filing the motion, he has experienced medical difficulties rendering it difficult to litigate this matter on his own. (ECF No. 46 at Pg ID 694.) Plaintiff also raised these "rapidly progressing health issues" in a supplemental document signed and dated the day Magistrate Judge Altman issued the order denying his second motion for counsel (ECF No. 44) but the document was stricken upon its receipt due to the subsequently entered stay (ECF No. 47). These health issues, which Plaintiff claims cause him extreme pain, loss of strength in his hands and fingers, and numbness in his fingers, support the appointment of counsel. Moreover, the Court does not believe that Plaintiff, without the assistance of counsel, has been able to adequately present his claim concerning a lack of medical care to address his alleged continuing pain.

## Conclusion

For the reasons set forth above, the Court is lifting the stay to address, only, Plaintiff's allegations of a failure to care for his continuing pain and serious

medical needs. The Court is withdrawing the order of reference to address this issue directly. The Court also is granting Plaintiff's request for the appointment of counsel and is referring the matter to Pro Se Case Administrator Richard Loury.[2]

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 1, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 1, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

---

[2] Plaintiff indicates that he has spoken with attorney Frank J. Lawrence, who expressed a willingness to accept this case. If Attorney Lawrence in fact is not willing or is no longer able to handle the matter, other representation will be explored.