UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SCOTT MERRILL,

    Plaintiff,

v.

Case No. 22-cv-10541
Honorable Linda V. Parker

GRETCHEN WHITMER, et al.,

    Defendants.
_____/

## OPINION AND ORDER GRANTING MOTION FOR RECONSIDERATION (ECF No. 62.)

This matter is before the Court on a motion filed by Defendants and non-party Michigan Department of Corrections ("MDOC"), seeking reconsideration of this Court's March 18, 2024 decision ordering MDOC to provide reasonable access to Plaintiff by his pro bono counsel, Frank J. Lawrence, Jr.  The request for reasonable access arose because MDOC requires individuals, including most attorneys, seeking to schedule in-person visitation or telephone calls with MDOC prisoners, to go through MDOC's third-party vendor, referred to as Global Tel*Link Corp. ("GTL").  (*See* ECF No. 54.)  This requires individuals to accept GTL's "Terms of Use" and "Privacy Policy."

**Reconsideration Standard**

Eastern District of Michigan Local Rule 7.1 provides that "[m]otions for reconsideration of non-final orders are disfavored" and may only be granted on three grounds. E.D. Mich. LR 7.1(h)(2). Those grounds are: (A) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (B) "[a]n intervening change in controlling law warrants a different outcome"; or (C) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *Id*.

**Arguments**

Defendants and MDOC raise several arguments in support of their motion for reconsideration. First, they assert that the Eleventh Amendment bars the relief ordered against MDOC, a state agency. Next, they assert that the Court's order violates the Prison Litigation Reform Act, 18 U.S.C. § 3626, and is contrary to United States Supreme Court precedent with respect to the All Writs Act, 28 U.S.C. § 1651. Lastly, Defendants and MDOC argue that "new" evidence warrants reconsideration. Specifically, they present the declaration of an MDOC employee, Alanna Schnell, who indicates that MDOC does not currently require prisoners or attorneys to use GTL to schedule in person visits. (ECF No. 62-4 at PageID. 1538, at ¶ 5.) They further present records reflecting that Plaintiff has spoken with Mr.

2

Lawrence by telephone ten times since June 30, 2023. (ECF No. 62-6 at PageID. 1551-52.)

In response, Plaintiff does not dispute that in person visitation can now be scheduled without going through GTL. With respect to the telephone calls, Plaintiff asserts that it has been "nearly . . . impossible" to have productive conversations with Mr. Lawrence because it is very hard to hear on the inmate phone lines, the calls must be made in a noisy and public area occupied by many other prisoners and staff members, and there is no space for Plaintiff to sort through and review the hundreds of pages of documents he has relevant to his claims in this case during the calls. (ECF No. 64-3 at PageID. 1587-88, ¶¶ 2-4.) In reply, Defendants and MDOC represent that Plaintiff could have used the housing unit lobby or yard phones to speak with Mr. Lawrence, where it is quieter. (ECF No. 66-2 at PageID. 1690-91, ¶ 7.) They also assert that, to keep the telephone calls confidential, Plaintiff need only request a confidential phone call with his attorney and submit counsel's phone number. (*Id*. at PageID. 1691, ¶8.)

## Discussion

Defendants never raised their Eleventh Amendment immunity argument before the Court issued its March 18 decision. "The burden of establishing Eleventh Amendment immunity lies with the [S]tate, and the defense is waived if it is not raised." *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011) (citations

3

omitted). The Court finds it unnecessary, however, to decide whether Defendants' failure to raise the immunity issue in response to Plaintiff's motion for reasonable access led to MDOC's waiver of it.

Yet, it is notable that the same attorneys from the Michigan Attorney General's Office represent Defendants and MDOC, and it was clear when Plaintiff filed his motion that he was seeking relief against MDOC. Moreover, Defendants and the MDOC undoubtedly knew that if Eleventh Amendment immunity had been raised initially in response to Plaintiff's motion, it would not have precluded the Court from granting Plaintiff relief. The Court simply could have instead ordered the Warden at STF or Heidi Washington, the Director of MDOC, to provide reasonable access to Plaintiff. The Eleventh Amendment does not preclude "prospective injunctive relief against State actors in their official capacity." *In re Flint Water Cases*, 960 F.3d 303, 334 (6th Cir. 2020) (citing *Ex Parte Young*, 209 U.S. 123, 156 (1908); *S&M Brands, Inc. v. Cooper*, 527 F.3d 507, 6th Cir. 2008)).

And while the Court could make that modification now in response to the pending motion, it concludes the change is unnecessary at this time. This is because if, as Defendants and the MDOC now represent, Mr. Lawrence can schedule in-person visits with Plaintiff without using GTL and Plaintiff will be permitted to use telephones in a more private and quieter environment to speak with his attorney upon request, the access issue on which Plaintiff's motion was

based is resolved and the Court's intervention is no longer necessary.[1] If Defendants and MDOC's representations prove unreliable, Plaintiff may ask the Court to reinstitute its order. If that need arises, the Court will then consider the other challenges to the order raised by Defendants and MDOC.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration (ECF No. 62) is **GRANTED** and the March 18, 2024 order (*see* ECF No. 61 at PageID. 1463) is **VACATED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 3, 2024

---

[1] Presumably, Plaintiff may take his documents into these alternative areas during his telephone conversations with his counsel.