UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SCOTT MERRILL,

    Plaintiff,

v.

MARK KING, MARK COOKS, STACY
LINDAHL, and JOHN DOE,

    Defendants.
_____/

Case No. 2:22-cv-10541
District Judge Linda V. Parker
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING DEFENDANTS' MOTIONS TO LIMIT PLAINTIFF'S REQUESTS FOR ADMISSIONS (ECF Nos. 74, 78)**[1]

I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Christopher Merrill (Merrill), currently incarcerated at the Central Michigan Correctional Facility (STF) in St. Louis, Michigan, filed a *pro se* complaint on March 2, 2022, alleging deliberate indifference to serious medical needs related to denial of dental and medical treatment while incarcerated at Parnall Correctional

---

[1] Upon review of the motions, the undersigned deems these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

Facility (SMT) in Jackson, Michigan.[2] *See* ECF No. 1. Following entry of several dismissal orders, *see* ECF Nos. 1, 6, 12, 30, only defendants Mark King (King); Mark Cooks, D.D.S. (Dr. Cooks); Nurse Stacy Lindahl (Lindahl); and John Doe remain.

Before the Court is King and Dr. Cooks' motion to limit requests for admissions or for protective order (ECF No. 74) and Lindahl's motion for protective order limiting requests for admissions (ECF No. 78). Both motions have been referred to the undersigned (ECF Nos. 76, 79) and are ready for decision. For the reasons that follow, both motions will be GRANTED. As will be explained, the defendants are not required to respond to Merrill's requests for admissions. Further, going forward, the parties are limited to twenty-five requests for admissions per party, without subparts.

## II. Discussion

In each of their motions, defendants say that they have received ninety-four requests for admission from Merrill. Defendants request that the Court limit Merrill to twenty-five requests for admission from each defendant. They also argue that many of the requests for admission are outside the scope of Federal Rules 26(b) and 36 and are an abuse of the discovery process.

---

[2] On May 2023, attorney Frank J. Lawrence, Jr. was assigned to represent Merrill. (ECF No. 51).

2

Merrill responds that defendants did not object to his plan to use requests for admission extensively for discovery purposes at a July 22, 2024 status conference, that his use of requests for admission in lieu of other forms of discovery due to Merrill's indigency serves a valid purpose, and that there is no presumptive limit on the number of requests for admission a party may send under the Federal or Local Rules.

Federal Rule of Civil Procedure 26(b)(2)(A) provides that, "[b]y order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30.  By order or local rule, the court may also limit the number of requests under Rule 36."  Unlike in many other districts, the Eastern District of Michigan has not limited the number of requests for admission by local rule.  *See Murray v. U.S. Dep't of Treasury*, No. 08-CV-15147, 2010 WL 3464914, at *1 (E.D. Mich. Sept. 1, 2010) (listing examples).  However, as King and Cooks note, many courts in this district have limited the number of requests for admission a party may seek where excessive requests for admission were found to be oppressive and unduly burdensome.  *See id.* (noting case law in support of limiting parties to twenty-five requests); *Taylor v. Great Lakes Waste Servs.*, No. CIV.A. 06-CV-12312DT, 2007 WL 422036, at *3 (E.D. Mich. Feb. 2, 2007) (limiting requests to twenty-five per party); *Dassault Systemes, SA v. Childress*, No. 09-10534, 2013 WL 12181775, at *6 (E.D. Mich.

Sept. 5, 2013) (issuing protective order that plaintiff need not respond to any of defendant's 596 requests for admission); *Exp. Dev. Canada v. SDR Grp., Inc.*, No. 19-11536, 2020 WL 13577497, at *4 (E.D. Mich. May 20, 2020) (limiting plaintiff to fifty total requests for admission in case with two defendants).

As the court in *Dassault Systemes* explained,

"[r]equests for admissions are not a general discovery device." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986). Rule 36's "proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove." *Khami v. Ortho-McNeil-Janssen Pharm., Inc.*, 2011 WL 996781 at *2 (E.D. Mich. 2011), citing *Misco*, 784 F.2d at 205 (other citation omitted); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183 (S.D. W. Va. 2010) ("Rule 36(a)'s primary purposes are 'to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.' "). "Strictly speaking Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness." 8B Wright, Miller, & Marcus, Federal Practice & Procedure, § 2253 (3d Ed. 2010), citing *Misco*, 784 F.2d at 205; other citations omitted. Requests for admissions should not be directed toward conclusions of law. *Taylor v. Great Lakes Waste Servs.*, 2007 WL 422036 (E.D. Mich. 2007). Also, a request for admission as to a central fact in dispute-i.e. the core of plaintiff's asserted contentions-is beyond the proper scope of normal discovery. *Id.*, citing *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390 (5th Cir. 1969).

2013 WL 12181775, at *6.

Despite the fact that Merrill's stated intentions of using requests for admission for extensive discovery purposes was not objected to by defendants at an earlier status conference, his ninety-four requests for admission to each

4

defendant do not serve the purpose of Rule 36.  Defendants have also pointed out many examples of duplicative requests for admission, requests regarding other parties, and requests seeking discovery rather than verification of known facts. However, the Court need not scrutinize Merrill's individual requests for admission because in their entirety, they are oppressive, unduly burdensome, and not proportional to the needs of the case, which is not overly complex.

### III.    Conclusion

For the reasons stated above, defendants' motions for protective orders and to limit requests for admission to twenty-five (ECF Nos. 74, 78), are GRANTED. Defendants are not required to respond to Merrill's requests for admissions. Further, the parties are limited to twenty-five requests for admissions per party. Defendants do not need to respond to Merrill's outstanding requests for admissions, and if any party chooses to serve requests for admissions to any other party, they shall be limited to twenty-five requests for admissions per party, without subparts.

SO ORDERED.

Dated: December 5, 2024　　　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2024.

                s/Donald Peruski
                Donald Peruski
                Acting Case Manager