UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SCOTT MERRILL,

       Plaintiff,

v.
                               Case No. 22-cv-10541
                               Honorable Linda V. Parker

MARK KING,[1] MARK COOKS,
STACY LINDAHL, and JOHN DOE,

       Defendants.
_____/

## OPINION AND ORDER

In this civil rights action filed under 42 U.S.C. § 1983, Plaintiff Christopher Scott Merrill, a Michigan Department of Corrections ("MDOC") prisoner, claims deliberate indifference to his serious medical needs related to the denial of dental and medical treatment.  The Defendants remaining in this action are MDOC Health Unit Manager Mark King, Mark Cooks, D.D.S, Nurse Stacy Lindahl, and John Doe.  The matter is presently before the Court on the parties' objections (ECF Nos. 105, 106) to a discovery order issued by Magistrate Judge Kimberly G. Altman on June 26, 2025 (ECF No. 102).

_____

[1] Plaintiff did not know Defendant King's first name when initiating this lawsuit. As his name is now known, the Court is sua sponte amending the caption to reflect it.

**Background**

In the order, Magistrate Judge Altman granted in part and denied in part

Merrill's motion to determine the sufficiency of Defendants' answers to requests

for admission and denied Merrill's motion to compel.  As relevant to the pending

objections, Magistrate Judge Altman first concluded that the "reasonable inquiry"

required of a party responding to requests for admission ("RFAs") includes the

duty to consult with the party's experts.  (*Id.* at PageID.2242.)  However,

Magistrate Judge Altman did not find the same duty to inquire when responding to

interrogatories, concluding that a party need answer only based on the party's

existing personal knowledge.  (*Id.* at PageID.2247-48.)  For that reason, the

magistrate judge denied Merrill's motion to compel further answers to his

Interrogatories 5, 9, 10, 14, 18 and 19.

With regard to Merrill's request for the production ("RFP") of his medical

records (RFPs 1 and 2), Magistrate Judge Altman found the issue resolved by

MDOC's agreement to produce the records, without cost to Merrill, upon receipt of

the relevant subpoena(s).  (*Id.* at PageID.2248-4.)  As to Merrill's remaining RFPs,

Magistrate Judge Altman held that, if Defendants responded that the documents

were not in their "possession, custody, or control," then they could not be

compelled to produce them.  (*Id.* at PageID.2250-53.)  In those requests for

2

production, Merrill sought: (4) "all agreements and other documents discussing or providing indemnification to the Defendants in this lawsuit"; (5) "docket sheets for all lawsuits, arbitrations, or administrative proceedings in which Defendants Cook or King were a named party within the last 10 years"; (7) "a copy of the job descriptions of Defendants Cooks and King that were in existence from 2018-2022"; and (11) "a copy of all of Plaintiff Merrill's Transfer/Ride Out sheets."

Defendants and Merrill filed timely objections to Magistrate Judge Altman's decision. (ECF Nos. 105, 106, respectively.) The objections are fully briefed. (ECF Nos. 108-111.)

## Standard of Review

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction

3

that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). The "contrary to law" standard requires the court to "exercise its independent judgment with respect to a [m]agistrate [j]udge's legal conclusions[,]" and "overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (internal citations and quotations omitted).

## **Defendants' Objection**

Defendants take issue with Magistrate Judge Altman's conclusion that a party must consult with the party's relevant expert(s) as part of the reasonable inquiry required when responding to requests for admission. In reaching this conclusion, Magistrate Judge Altman relied on *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325 (E.D. Ky. 2006), where the court held that the plaintiffs had to consult with their expert as part of the reasonable inquiry. Defendants argue that *Drutis* relied on a misinterpretation of *McHugh v. Olympic Ent., Inc.*, 37 F. App'x 730, 742-43 (6th Cir. 2002), amended on denial of reh'g, 41 F. App'x 758 (6th Cir. 2002). Defendants maintain that the remaining cases on which Magistrate Judge Altman relied are out-of-circuit and did not hold that an expert witness must be consulted, as a rule.

4

*McHugh* was but one of several cases the *Drutis* court cited to support its conclusion "that the better rule is that an answering party must conduct a reasonable inquiry and answer a RFA if the information *is readily obtainable*, even though the answering party has no personal knowledge of the facts." *Drutis*, 236 F.R.D. at 330 (collecting cases). One of the other sources cited in *Drutis*, the Comments to Rule 36, indicate that "[a] larger group of cases, supported by commentators, has taken the view that if the responding party lacks knowledge, he must inform himself in reasonable fashion." Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. As the district court explained in yet another case cited by *Drutis*:

> What constitutes "reasonable inquiry" and what material is "readily obtainable" is a relative matter that depends upon the facts of each case. "However, because Rule 36 admission requests serve the highly desirable purpose of eliminating the need for proof of issues upon trial, there is a strong disincentive to finding an undue burden in responding where the responding party can make the necessary inquiries without extraordinary expense or effort."

*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (brackets, ellipsis, and internal citations removed) (quoting *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 593-94 (W.D.N.Y. 1981)). "Generally, a 'reasonably inquiry' is limited to review and inquiry of those persons and documents that are within the responding party's control." *Id.*

A party's expert is a "readily obtainable" source of information to answer a request for admission for which the party otherwise has no personal knowledge of the facts.  A party's expert is someone within the party's control.  Thus, Magistrate Judge Altman did not clearly err in holding that the reasonable inquiry required of Defendants when responding to Merrill's requests for admission includes conferring with their experts.

### Merrill's Objections

#### *Objection No. 1*

Merrill first objects to Magistrate Judge Altman's distinction between requests for admission and interrogatories with respect to the "reasonable inquiry" requirement.  Magistrate Judge Altman appears to have concluded that an individual, unlike a corporation, can respond "I do not know" to an interrogatory if the individual does not immediately possess the information to respond, even if some type of inquiry could provide the individual with that information.  (*See* ECF No. 102 at PageID.2247.)  Magistrate Judge Altman stated that an individual "is not required by the Rules to investigate the subjects of the interrogatories *beyond what is readily available to him* before responding . . .."  (*Id.* (emphasis added).)  Although it is not immediately clear what Judge Altman meant by "readily available," she concluded that it was unnecessary for King to supplement his

6

interrogatory responses because "[h]e answered the interrogatories that were within

his knowledge and explained why the other ones were not."  (*Id*. at PageID.2248.)

It seems that Magistrate Judge Altman interpreted "readily available" too narrowly.

In *Maurer v. Jones*, No. 518CV00003, 2019 WL 3890924 (W.D. Ky. Aug.

19, 2019)—one of the decisions Magistrate Judge Altman cited in support of her

statement that "I do not know" is an acceptable response from an individual

answering interrogatories—the court in fact found the defendant's responses, such

as "I don't recall" and "I do not know," to be "clearly insufficient." *Id*. at *5.  The

*Maurer* court indicated that "[i]n answering discovery requests, 'the burden is on

the defendants to make an inquiry to make and obtain information to answer

interrogatories which would include obtaining the information to fully and

completely answer the interrogatories.'"  *Id*. at *4 (brackets omitted) (quoting *Nat'l

Fire Ins. Co. of Hartford v. Jose Trucking Corp.*, 264 F.R.D. 233, 239 (W.D.N.C.

2010)).  The court explained:  "A party may not be compelled to produce

information that she does not know, but she may not claim ignorance as an excuse

to the requirements of discovery." *Id.*

"Though there are limits on the extent to which a party can be required to

hunt out information in order to answer interrogatories, it will be required to

provide facts available to it without undue labor and expense."  Richard L. Marcus,

7

8B Fed. Practice & Proc. Civ. § 2177 (3d ed.)  "A responding party is not required to conduct extensive research in order to answer an interrogatory," though "a reasonable effort to respond must be made." *U.S. ex rel. Martino-Fleming v. S. Bay Mental Health Ctr., Inc.*, 332 F.R.D. 1, 7 (D. Mass. 2019) (quoting *Kaneka Corp. v. Zhejiang Med. Co.*, No. CV 11-2389, 2016 WL 11266869, at * (C.D. Cal. Oct. 18, 2016)).  As set forth earlier, "[w]hat constitutes 'reasonable inquiry' and what material is 'readily obtainable' is a relative matter that depends upon the facts of each case." *T. Rowe Price*, 174 F.R.D. at 43.  Nevertheless, "the party is required to respond 'not only by providing the information it has, but also the information within its control or otherwise obtainable by it.'"[2]  *Advanced Cable Ties, Inc. v. Am. Elite Molding, LLC*, No. 3:18-cv-2035, 2019 WL 13280288, at *3

---

[2] Merrill points to *Allen v. Lickman*, No. 13-cv-13401, 2014 WL 12768335 (E.D. Mich. Oct. 31, 2014), to argue that information Kings' attorneys can obtain is information that can be obtained through a reasonable inquiry.  The magistrate judge in *Allen* recognized that "attorneys are agents of their clients[.]"  *Id*. at *1 n.2 (citing *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (6th Cir. 2008)).  The magistrate judge further noted the "well settled principle that if the client may be compelled to produce documents in his possession then the attorney may be compelled to produce the same documents when they are in his custody."  *Id*. (quoting *In re Ruppert*, 309 F.2d 97, 98 (6th Cir. 1962)).  However, this does not mean that the lawyer must engage in a reasonable inquiry to obtain information responsive to an interrogatory directed at the lawyer's client.  It only means that a party cannot evade producing material by placing it in his or her attorney's control.  Otherwise, a responding party's attorney would be tasked with investigating the case for the opposing party.

(N.D. Fla. Feb. 7, 2019) (quoting *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 445 (S.D.N.Y. 2000)); *see also T. Rowe Price*, 174 F.R.D. at 43.  As summarized in *Flagg v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008), control exists: (1) where contractual provisions "confer a right of access to the requested materials";[3] (2) where the information is in the possession of the party's agent, such as the party's attorney; (3) where the information is in possession of the party's officers or employees; and (4) where the party has "authority and ability to obtain" the information from a nonparty to the action.  *Id.* at 353-54 (internal citations omitted).

"If a party cannot provide the requested information, it must state under oath that it is unable to provide the information *and set forth the efforts used to obtain the information*."  *U.S. ex rel. Martino-Fleming*, 332 F.R.D. at 7 (citing *Kaneka*, 2016 WL 11266869, at *8); *see also Maurer*, 2019 WL 3890924, at *4.  King did not do so when responding to Merrill's interrogatories.  King simply stated that he did not know the answers and explained, perhaps, why he did not know.  He did not state whether he used any efforts to obtain responding information from

---

[3] MDOC Policy Directive 02.01.102 does not confer a contractual right of access to the information sought.  Even if the policy creates a contractual obligation, it only requires MDOC employees to cooperate with the Office of Legal Affairs and the Department of the Attorney General in defense of a lawsuit.  It does not give employees the right to MDOC files or materials.

9

sources within his control.  While King, in fact, may still not have been able to answer the subject interrogatories even after engaging in such efforts—which his responses and arguments in response to Merrill's objections suggest would have been the case—it was error to not require him to supplement his answers to confirm that reasonable efforts were made to respond.  Thus, the Court will require King to supplement his answers, and to first engage in a reasonable inquiry to obtain information necessary to answer if he has not done so already.

### *Objection No. 2*

### *Medical Records*

Magistrate Judge Altman concluded that Merrill's motion to compel with respect to his medical records was resolved based on the parties' agreement that MDOC would produce Merrill's remaining records upon receipt of the applicable subpoena(s) from Merrill.  Merrill asserts that MJ Altman incorrectly stated that there was an agreement among the parties to produce the records once a subpoena issued.  Merrill believes that he should not need to serve a subpoena for Part Two of his medical records, when a subpoena was not needed to obtain Part One.  But simply because previous documents were produced without a subpoena does not show that Magistrate Judge Altman's conclusion was clearly erroneous or contrary to law.

*Agreements and Documents re: Indemnification*

Magistrate Judge Altman denied Merrill's motion to compel Defendants'

production of "all agreements and other documents discussing or providing

indemnification to the Defendants in this lawsuit" because defense counsel stated

at the motion hearing that Defendants do not have any indemnification agreements

in their possession, custody, or control.  (ECF No. 102 at PageID.2250.)

Magistrate Judge Altman further indicated that defense counsel's signature on the

disclosures certifies that "it is complete and correct as of the time it is made[,]" and

that "[o]nce a party has signed a response stating there is nothing more to disclose,

the Court cannot compel that party to provide information they did not have nor

compel production of documents that do not exist."  (*Id.* (quoting *Roby v. Bloom

Roofing Sys., Inc.*, No. 22-cv-10622, 2023 WL 373603, at *1 (E.D. Mich. Jan. 24,

2023).)

However, in their signed response to Merrill's RFP 4, Defendants did not

claim that they did not have any indemnification agreements in their possession,

custody, or control.  Instead, they objected to the request based on relevance,

proportionality, and attorney-client privilege.  (*See* ECF No. 94-4 at PageID.2129.)

These seem to be impermissible boilerplate objections.  *See, e.g., Wesley Corp. v.

Zoom T.V. Prods., LLC*, No. 17-10021, 2018 WL 372700, at *4 (E.D. Mich. Jan.

11

11, 2018).  As Magistrate Judge Altman indicated in her decision, indemnification agreements may be relevant and are discoverable.[4]  (ECF No. 102 at PageID.2249.) Moreover, Merrill's request was not limited to agreements.  He also sought any "documents discussing or providing indemnification to the Defendants in this lawsuit."  (*See id.* at PageID.2128.)  Thus, the Court will compel Defendants to produce any agreements *or documents* discussing or providing indemnification to Defendants in this lawsuit—which includes agreements or documents in the control of their counsel—subject to any legitimate grounds for their nondisclosure. If, in fact, no agreements or documents are responsive to Merrill's request, Defendants shall provide an amended, signed response, saying so.

When responding, Defendants are reminded that "control" is "broadly construed."  *Mich. Bricklayers & Allied Craftworkers Health Care Fund v. DiPonio Constr. Co.*, No. 09-cv-14007, 2010 WL 11703427, at *4 (E.D. Mich. June 7, 2010) (citing *Scott v. AREX, Inc.*, 124 F.R.D. 39, 41 (D. Conn. 1989)). Courts interpret Rule 34 as requiring production where the party "has the right, authority, or practical ability to obtain the documents from a non-party to the action."  *Chicago Ins. Co. v. Wiggins*, No. 02-cv-73801, 2005 WL 8154397, at *2

---

[4] Producing any agreements or documents does not appear overly burdensome or unproportional, nor is it likely that they are protected by attorney-client privilege.

(E.D. Mich. 2005) (quoting *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000) (quoting *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997))).  "Important factors to be considered in deciding whether a party has the practical ability to obtain access to documents in the possession of a non-party include the existence of cooperative agreements between the responding party and the non-party, the extent to which the non-party has a stake in the outcome of the litigation, and the non-party's history of cooperating with document requests." *Gross v. Lunduski*, 304 F.R.D. 136, 142 (W.D.N.Y. 2014) (citing *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608, 2014 WL 61472, at * (S.D.N.Y. Jan. 6, 2014)) (ellipsis and internal quotation marks omitted); *see also Dreger v. KLS Martin LP*, No. 2:20-cv-3814, 2023 WL 532012, at *9 (S.D. Ohio Jan. 27, 2023) (quoting *Gross*, 304 F.R.D. at 142).  In *Gross*, for example, the district court found that a history of cooperation demonstrated the nonparty state correctional agency's willingness to produce documents required for the defense of its correctional officers.  320 F.R.D. at 143.

*Docket Sheets for Arbitrations or Administrative Proceedings, Job Descriptions, Transfer/Ride Out Sheets*

Magistrate Judge Altman denied Merrill's motion to compel production of these documents, concluding that if Defendants "do not have copies . . . on hand . . . Merrill is equally able to and therefore must obtain these documents from

13

elsewhere." (ECF No. 102 at PageID.2251.) As discussed above, however, Defendants are not excused from producing documents simply because they are not "on hand." Moreover, except for the docket sheets of court cases involving King and/or Cook through PACER, it is not apparent that Merrill has access to the requested materials, or at least that these materials are as readily available to him as they are to Defendants.

For example, it is unclear where Merrill could identify arbitration or administrative proceedings where King and/or Cooks were named. Defendants may not have the docket sheets for those proceedings, but information is within their control as to whether they were parties to such proceedings, and, if so, when and in what forum.

Thus, Defendants must inquire whether documents responsive to the RFPs remaining in dispute are within their control and, if so, produce them to Merrill.

## Conclusion

For the reasons set forth above, the Court affirms Magistrate Judge Altman's conclusion that Defendants must consult with their experts as part of the reasonable inquiry required when responding to Merrill's requests for admission. The Court also affirms Magistrate Judge Altman's finding that Merrill's motion to compel, to the extent he seeks production of his remaining medical records, has

14

been resolved based on Defendants' agreement to produce the records upon receipt of the necessary subpoena(s). To the extent Magistrate Judge Altman held that Defendants do not need to engage in a reasonable inquiry and seek information or documents within their control before responding to Merrill's interrogatories or requests for production of documents, such a conclusion was incorrect. Defendants must engage in a reasonable inquiry, as discussed in this decision, and supplement their responses as appropriate.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 2, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 2, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

15