UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER SCOTT MERRILL,

Plaintiff,

v.

Case No. 22-cv-10541
Honorable Linda V. Parker

MARK KING, MARK COOKS,
STACY LINDAHL, and JOHN DOE,

Defendants.
________________________________/

**OPINION AND ORDER**

**Background**

This matter is currently before the Court on a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h)(2) filed by Defendants Michigan Department of Corrections ("MDOC") Health Unit Manager Mark King and Mark Cooks, DDS (hereafter "Defendants"). (ECF No. 113.) Defendants seek reconsideration of this Court's opinion and order, filed February 2, 2026 (ECF No. 112), addressing their "appeal" of Magistrate Judge Kimberly G. Altman's discovery decision (ECF No. 102).

As relevant to Defendants' current motion, in the February 2 decision, the Court affirmed Magistrate Judge Altman's conclusion that Defendants had to consult with their experts as part of their reasonable inquiry when responding to

Plaintiff's requests for admission. Next, the Court rejected Magistrate Judge Altman's conclusion that Defendants could simply answer "I don't know" in response to Plaintiff's interrogatories, explaining that Defendants should make an inquiry to make and obtain information to answer.

Turning to Plaintiff's document requests, the Court found Defendants' response as to indemnification agreements and documents insufficient. While defense counsel represented at the motion hearing that Defendants do not have such "agreements" in their possession, custody, or control, the Court pointed out that this was not the answer in Defendants' signed responses. Instead, Defendants objected to the request based on relevance, proportionality, and attorney-client privilege. As the Court further pointed out, the documents requested were not limited to agreements. In short, the Court was simply requiring Defendants to put in a formal response what was stated at the hearing and address the request as framed.

Finally, turning to Plaintiff's request for the production of docket sheets for arbitrations or administrative proceedings, job descriptions, and transfer/ride out sheets, the Court disagreed with Magistrate Judge Altman's conclusion that Defendants need not produce them because they claimed they were not "on hand" and believed to be equally accessible by Plaintiff. The Court indicated that, except

for the docket sheets of court cases involving Defendants which are accessible through PACER, it was not apparent that Plaintiff has access to the requested materials, or at least that these materials are as readily available to him as they are to Defendants. The Court required Defendants to produce documents responsive to the remaining requests in dispute if they were within their control.

**Standard of Review**

Rule 7.1(h)(2) provides that motions for reconsideration may be granted on only three grounds: (1) a mistake of the court "based on the record and law before the court at the time of its prior decision" if correcting the mistake would change the outcome of the prior decision; (2) "[a]n intervening change in controlling law warrants a different outcome"; or (3) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2). To succeed on a motion for reconsideration, the movant "must show that the Court made a mistake based on the record before it, and rectifying the mistake would change the outcome." *Dassault Systèmes, SA v. Childress*, 828 F. App'x 229, 236-237 (6th Cir. 2020) (citation and internal quotation marks omitted).

Rule 7.1(h)(2) expressly advises that "[m]otions for reconsideration are disfavored." Moreover, such motions are "not intended as a means" for a party "to

rehash rejected arguments or to introduce new arguments." *Saltmarshall v. VHS Children's Hosp. of Mich., Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

**Analysis**

*Consulting with Experts*

Disagreeing with Magistrate Judge Altman's decision on this issue, Defendants objected to the decision. Disagreeing with this Court's *de novo* review of the issue, Defendants now move for reconsideration. Not only are Defendants trying to get a "second bite" at the apple, they raise the same arguments they raised before in their "objections" to the magistrate judge's non-dispositive ruling. For this reason, the Court denies their request for reconsideration of this issue.

*Whether a Reasonable Inquiry is Required Before Answering "I Don't Know" to Interrogatories*

This Court concluded that while "I don't know" may be an acceptable response to an interrogatory, the responding party has a duty to seek out information available to him or under his control before providing that answer. Defendants argue that this conclusion is unsupported by Federal Rule of Civil Procedure 33 and binding case law and the magistrate judge's decision should be

affirmed. Alternatively, Defendants ask the Court to clarify what would constitute reasonable efforts to respond to Plaintiff's interrogatories.

This Court continues to conclude that, in responding to interrogatories, all parties have a duty to furnish all information available to or controlled by the party. Otherwise, a party who simply has forgotten information that can be obtained with minimal efforts can simply answer "I don't know" or "I don't recall." *See, e.g., Maurer v. Jones*, No. 518CV00003, 2019 WL 3890924, at *4-5 (W.D. Ky. Aug. 19, 2019); *Feig v. Apple Org., Inc.*, No. 08-23358-CIV, 2009 WL 1324226, at *3 (S.D. Fla. May 13, 2009) ("Assuming that Plaintiff is genuinely unable to recall the names of these doctors, the present record does not reflect whether Plaintiff has taken reasonable steps at her disposal to find this information."); *see also* 8B Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2177 (3d ed.).

The Court's February 2 decision and the latter treatise provide sufficient guidance for Defendants to understand what inquiry is expected of them before they can answer "I don't know."

*Document Requests*

This Court held that Defendants must produce docket sheets for arbitrations or administrative proceedings, job descriptions, and transfer/ride out sheets, to the extent within their control, finding that it was not apparent that Plaintiff had

access—or at least as readily available access—to them as Defendants. Defendants take issue with the Court's decision, arguing first that indemnification agreements are not relevant, that they already responded that they do not have indemnification agreements in their possession, custody, or control, and that Plaintiff easily could have subpoenaed the documents from MDOC. Defendants indicate that they also do not possess job descriptions and transfer/ride out sheets, and such documents could have been subpoenaed from MDOC. Finally, Defendants inform the Court that arbitration and administrative materials are accessible to Plaintiff through Westlaw and Lexis.

With respect to indemnification agreements and related documents, as Magistrate Judge Altman indicated, such agreements may be relevant and discoverable given that Defendants are permitted to introduce evidence of their ability to pay punitive damages. (*See* ECF No. 102 at PageID.2249.) As this Court previously explained, Defendants' answer to Plaintiff's request for this information was insufficient because they (a) only addressed Plaintiff's request for indemnification agreements and not his request for other documents related to indemnification and (b) did not indicate whether any documents were in their control, even if not in their immediate possession. Defendants' response as to job

descriptions and transfer/ride out sheets similarly did not address whether such documents were within their control.

Based on the information provided by Defendants, however, the Court now finds that Plaintiff is equally as capable as Defendants to access docket sheets for arbitrations or administrative proceedings. Thus, the Court will not require Defendants to supplement their responses with respect to these documents.

## Conclusion

For the reasons set forth above, the Court is **GRANTING IN PART AND DENYING IN PART** Defendants' motion for reconsideration. Defendants shall supplement their discovery responses in accordance with the Court's decisions within twenty-one (21) days. As indicated in the July 7, 2025 text-entry order, the dispositive motion deadline is extended to seven (7) days after the additional discovery is due.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 31, 2026